## KIRSCHMAN v. POWELL.
### No. 14397.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

W. C. Orchard, of New Orleans, for appellant.

Deutsch, Kerrigan & Burke and Rolf I. Seeberg, all of New Orleans, for appellee.

HIGGINS, J.

This is a suit by a landlord against a tenant to recover the sum of $225 representing rent alleged to be due for the months of May, June, and July, 1932, at the rate of $75 per month, under an oral month to month lease, and for recognition and maintenance of the lessor's lien and privilege on the furniture and effects in the premises.

Defendant answered admitting that she occupied the building as a tenant, but denying that she was indebted to the plaintiff.

There was judgment in favor of the plaintiff as prayed for, and defendant has appealed.

Plaintiff testified that defendant had occupied the house covering the period in question at a rental of $75 per month, payable in advance, and that she failed to pay the rent therefor.

Defendant stated that she had occupied the property for the months in controversy and was obligated to pay a rental therefor of $75 per month, but that she had paid the rent and thought she had some receipts at home to show payment. These receipts, however, were not produced.

On cross-examination, the plaintiff was asked if he did not know that the building was being used for the purpose of conducting an assignation house. Counsel for plaintiff objected on the ground that the sole defense was in the nature of a plea of payment, and that there was no averment in the answer in the way of a special plea which would justify the introduction of evidence along the lines sought to be elicited. The court ruled that the objection was well founded, and sustained it. We believe that the ruling of the trial court was correct; but in passing will say that the record shows that the plaintiff stated that the building was used as a rooming house, whereas the defendant said that she had used the premises for immoral purposes. Even if the answer had specially pleaded the defense sought to be injected by the evidence, the defendant certainly failed to sustain her position; particularly as she had the burden of proving this special defense.

We conclude that the judgment of the trial court is correct, and it is therefore affirmed.

Affirmed.

WESTERFIELD, J., being absent, takes no part.